IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DEVIN ESPINOZA,<br><br>Petitioner,<br><br><br><br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING § 2255 PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE<br><br><br><br>Case No. 2:05-CV-217 TS |

## I.  INTRODUCTION

A jury found Petitioner guilty on a count of committing and aiding and abetting an armed bank robbery, but acquitted him on a count of committing and aiding and abetting the offense of using or brandishing a firearm during the robbery.[1]  In this § 2255 Motion,[2] Petitioner alleges that his counsel was constitutionally ineffective for failing to object to the Supplemental Instruction answering a jury question, asserting that the Supplemental

---

[1]Case No. 2:00-CR-56 TS, Docket No. 110 (Verdict Form).

[2]28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence.

1

Instruction (1) affirmatively directed the jury to return an inconsistent verdict, and (2) rendered the verdict ambiguous.

An inconsistent verdict is not grounds for federal habeas relief.  Accordingly, the Petitioner has not shown that his counsel was constitutionally ineffective.  Therefore, the § 2255 Motion is denied.

## II.  § 2255 STANDARD

The standard the Court applies to Petitioner's ineffective assistance claim is the well-known *Strickland*[3] standard as explained by the Supreme Court:

> In *Strickland*, we held that criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance and announced a now-familiar test: A defendant claiming ineffective assistance of counsel must show (1) that counsel's representation "fell below an objective standard of reasonableness," and (2) that counsel's deficient performance prejudiced the defendant.[4]

> As explained by the Tenth Circuit:

> Deficient performance occurs when counsel makes "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Such performance causes prejudice when appellant can show that but for counsel's deficient performance there is a reasonable probability that the outcome of the proceeding would have been different.[5]

The Court reviews Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in

---

[3] *Strickland v. Washington*, 466 U.S. 668 (1984).

[4] *Roe v. Flores-Ortega,* 528 U.S. 470, 476-77 (2000) (quoting *Strickland*, 466 U.S. at 687-88, 694).

[5] *United States v. Chee,* 44 Fed. Appx. 289, 291 (10th Cir. 2002) (quoting *Strickland*, 466 U.S. at 687, 694).

hindsight.[6]  Thus, in analyzing this claim of ineffective assistance of counsel, the Court considers the law as it existed at the time that counsel did not object to the Supplemental Instruction.[7]  It appears from his filings that Petitioner is arguing the effect of subsequent case law.[8]  However, because Petitioner is proceeding pro se, the Court "reviews his pleadings and filings liberally,"[9] and rejects his argument to the extent it involves subsequent case law.[10]

A petitioner cannot ordinarily demonstrate prejudice in an ineffectiveness of counsel claim by raising an issue if the Appeals Court has rejected that substantive issue on the merits.[11]  Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[12]

The Court will first address Petitioner's procedural Motions and then address the substance of his ineffective assistance claim.

_____

[6]*Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[7]*United States v. McCalister*, 165 Fed. Appx. 599, 606 n.14 (10th Cir. 2006).

[8]*See* § 2255 Motion, at 25-26 and n.85 (arguing that the Court usurped jury's function by imposing sentencing enhancement based its finding of relevant conduct proved by a preponderance of the evidence).

[9]*Jackson v. United States*, __ Fed. Appx. ___, 2007 WL 3209985, at *1, n.1 (10th  Cir. Oct. 30, 2007).

[10]*See United States v. Bellamy*, 411 F.3d 1182, 1186-87 (10th Cir. 2005) ("[L]ike *Blakely*, *Booker* does not apply retroactively on collateral review.") (citing *Blakely v. Washington*, 542 U.S. 296 (2005) and *United States v. Booker*, 543 U.S. 220 (2005)).

[11]*United States v. Gann*, 159 Fed. Appx. 57, 59 (10th Cir. 2006) (citing *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994)).

[12]*United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

### III.  MOTION TO STRIKE

Petitioner moves to strike Respondent's Answer[13] on the ground that it does not comply with Fed. R. Civ. P. 8(b)'s requirement that an answer in a civil case "shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies."  Petitioner complains that the Answer confuses his position by incorrectly focusing on the verdict rather than on the instruction given during the jury deliberation; misstates the Tenth Circuit's rulings in Petitioner's direct appeal; and summarily addresses some of his contentions.  He also argues that the Answer was interposed only for the purpose of delay or in bad faith within the meaning of Fed. R. Civ. P. 11.

A § 2255 Motion is governed by the Rules Governing Section 2255 Proceedings for the United States District Courts ("§ 2255 Rules").[14]  The Court "may" apply the Federal Rules of Civil Procedure to the § 2255 Motion "to the extent that they are not inconsistent with" statutory provisions and the § 2255 Rules.[15]  Fed. R. Civ. P. 8(b) does not apply to this proceeding because it is inconsistent with the § 2255 Rules which require only that Respondent's Answer "must address the allegations in the Motion."[16]

---

[13]Docket No. 7, Response to Defendant's § 2255 Petition to Vacate, Set Aside, or Correct Sentence (Answer).

[14]§ 2255 Rule 1(a).

[15]§ 2255 Rule 12.

[16]§ 2255 Rule 5(b).

The Court has reviewed the Answer and finds that it complies with § 2255 Rule 5. Therefore, the Court will deny the Motion to Strike.

### IV.  MOTION FOR JUDGMENT ON THE PLEADINGS

Petitioner filed his Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c).  For the reasons stated above, Fed. R. Civ. P. 12(c) does not apply to this § 2255 Motion.  However, as the Motion for Judgment on the Pleadings addresses the Answer, the Court construes it as a Reply to the Answer.[17]

### V.  MOTION FOR EVIDENTIARY HEARING

Petitioner seeks an evidentiary hearing for the purpose of having the Court "thoroughly investigate [his] ineffective-assistance-of-counsel claim, such as, counsel's understanding of the law particular to the case and strategic decisions."[18]

Section 2255 provides: "Unless the [§ 2255] motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  Petitioner's presence is not required for a hearing.[19]  However, no hearing is

---

[17]*See* § 2255 Rule 5(d).

[18]Docket No. 9 (Pet.'s Motion for Evidentiary Hearing), at 1.

[19]28 U.S.C. § 2255 ("A Court may entertain and determine such motion without requiring the production of the prisoner at the hearing.").

required where the claim "is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based."[20]

In order to determine whether an evidentiary hearing is warranted, "the judge must review the answer, any transcripts and records of prior proceeding, and any materials submitted under Rule 7."[21]  No evidentiary hearing is warranted where "the district court can determine the merits of the ineffectiveness claim based on the existing record."[22]

In the present case, the Court finds that Petitioner's claim of ineffective assistance of counsel can be determined based upon the existing record.  Therefore, no evidentiary hearing is warranted and the Court will deny the Motion for Evidentiary Hearing.

## VI.   MERITS OF § 2255 MOTION

A.   Factual and Procedural Background

The factual and procedural background were fully set forth in the Tenth Circuit's opinion on direct appeal[23] and will be quoted herein only as relevant to this collateral challenge.   As noted above:

> [Petitioner] was charged with one count of committing and aiding and abetting an armed bank robbery, in violation of 18 U.S.C. § 2113(a) & (d) and 18 U.S.C. § 2 (Count I), and one count of committing and aiding and abetting

---

[20]*Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007) (quoting *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)).

[21]§ 2255 Rule 8(a).

[22]*Schultz v. Wainwright*, 701 F.2d 900, 901 (11th Cir. 1983).

[23]*United States v. Espinoza*, 338 F.3d 1140, 1140-46 (setting forth factual background, court proceedings, and full text of jury's question and Court's response).

the offense of using or brandishing a firearm during the robbery, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2 (Count II).[24]

Halfway through the jury's deliberations, it sent the following note:

If we determine that there is enough circumstantial evidence to find the defendant guilty of at least aiding and abetting the commission of the bank robbery, but that the evidence is not sufficient to determine that he was in the bank at the time of the robbery, can we find the defendant guilty of count I [armed robbery] but not Count II [using a firearm during the robbery]?

We consider it possible that while he aided and abetted the commission of the crime, there is not enough evidence to determine that the defendant was instrumental in procuring weapons or planning their use.[25]

The Court provided counsel with a copy of the note and the Court's proposed Supplemental Instruction as follows:

(1)     Members of the jury, I have received a note from you that says:

If we determine that there is enough circumstantial evidence to find the defendant guilty of at least aiding and abetting the commission of the bank robbery, but that the evidence is not sufficient to determine that he was in the bank at the time of the robbery, can we find the defendant guilty of count I but not count II?

We consider it possible that while he aided and abetted the commission of the crime, there is not enough evidence to determine that the defendant was instrumental in procuring weapons or planning their use.

(2)     Let me respond by instructing you as follows:

Yes.

---

[24]*Id*. at 1145.

[25]*Id*.; *see also* Docket No. 108 in Case No. 2:00-CR-56 TS (jury notes).

(3)    Keep in mind that you should consider what I have just said together with all the other instructions that I gave you earlier. All of these instructions are important, and you should consider them together as a whole.[26]

Neither party objected to this Supplemental Instruction and it was sent to the jury. The jury continued its deliberations for about four and a half hours until it eventually returned a verdict of guilty on Count I and not guilty on Count II.

Petitioner was represented on direct appeal by his trial counsel.  On appeal he raised the following issue:

[T]he jury's apparent doubt that Defendant "was instrumental in procuring weapons or planning their use" would have made it improper for it to convict him of aiding and abetting *armed* robbery, and the jury should have been so informed.[27]

The Tenth Circuit noted that his trial counsel "neither objected to the judge's proposed response to the jury's question, nor asked him to give additional clarifying instructions."[28]  Accordingly, it reviewed the Supplemental Instruction for plain error, finding none.[29]

On direct appeal Petitioner also raised the seemingly inconsistent verdict as part of his challenge to the sufficiency of the evidence.  Petitioner's argument was that the jury must have convicted him of aiding and abetting as it "could not have convicted him as a principal on the armed-robbery Count because it acquitted him of using a firearm during

---

[26]*Espinoza*, 338 F.3d at 1145.

[27]*Id.* at 1146 (emphasis in original).

[28]*Id.*

[29]*Id.*

the robbery."[30]   The Tenth Circuit rejected that argument as follows: "We appreciate the appeal of this argument; it would seem inconsistent for the jury to conclude that Defendant was one of the armed robbers in the bank, while also concluding that he did not use or brandish a firearm during the robbery.  There are sound reasons, however, not to concern ourselves with the consistency of jury verdicts in criminal cases."[31]   The Tenth Circuit went on to extensively quote from and apply *United States v. Powell*,[32] the case where the Supreme Court held that, even in cases where "truly inconsistent verdicts have been reached," the firm rule is that "the defendant may not upset such a verdict."[33]   Based on this rule announced in *Powell*,[34] the Tenth Circuit held that it "could not properly draw from the acquittal on Count II any inference regarding the basis of the jury's conviction on Court I."[35]

The Tenth Circuit also applied the related principle that "Courts are not to examine the jury's internal deliberations for the purpose of questioning its verdict."[36]   Therefore, it

---

[30]*Id.*

[31]*Id.*

[32]469 U.S. 57 (1984).

[33]*Espinoza*, 338 F.3d at 1147 (quoting *Powell*, 469 U.S. at 64-66).

[34]The Court notes that the rule announced in *Powell* is now followed by almost all states. *See State v. Purdie*,  2007 WL 2126889, at *3 (Idaho App. Jul. 26, 2007) (noting only three states now "differ, to varying degrees, with the Supreme Court's inconsistent verdict jurisprudence, while the vast majority follow *Powell's* holding that generally affirms verdicts even if inconsistent).

[35]338 F.3d at 1148.

[36]*Id.* at 1149.

held that the jury's note could not be used "as evidence of how the jury arrived at its

verdict."[37]   Finally, the Tenth Circuit held that because there was "more than sufficient

evidence to support [Petitioner's] conviction for armed bank robbery as a principal" it

affirmed that conviction.[38]   Thereafter, Petitioner timely filed this § 2255 Motion.

B.  The Parties' Positions

Petitioner contends that (1) the jury's note was a request to return a "repugnant" or

inconsistent verdict;[39] and (2) that by its "repugnant instruction"[40] the Court "directed" or

"catechized" the jury to return a "repugnant verdict."

Petitioner contends that his counsel's failure to object to the Supplemental

Instruction deprived him of a right to a jury trial because he asserts that it resulted in the

Court invading the jury's province in determining guilt or innocence.[41]   He further contends

---

[37]*Id*. at 1148.

[38]*Id.* at 1149.

[39]Use of the term "inconsistent verdict" is more common than the term "repugnant verdict." *E.g., People v. Dove*, 2007 WL 1376283, at *4 (N.Y.Sup. 2007) (noting that "the distinction that was previously sometimes drawn between a 'repugnant' verdict and one that was merely 'inconsistent'" has been largely discarded and "as far as New York State criminal practice is concerned, the two terms are virtually synonymous"). *But see* Pet.'s Mem. at 24 (citing Black's Law Dictionary (6th ed. 1991) definition of "repugnant verdict").

[40]Because Petitioner contends the "repugnant verdict" was directed by the Supplemental Instruction, he dubs that instruction the "repugnant instruction." *E.g.* Pet.'s Mem. at 12 (arguing the "Court's repugnant instruction was a mistake").

[41]*See* Pet.'s Mem. at 22-23 (arguing that the Supplemental Instruction invaded the jury's province in violation of Art. III, § 2, cl. 3 of the U.S. Constitution and the Sixth Amendment).

that his counsel's failure to object overcomes his procedural default of these claims on direct appeal.[42]

Petitioner also contends his counsel's failure to object when the Court's Supplemental Instruction "directed" the jury to return the "repugnant verdict," rendered the verdict so ambiguous that, under *Newman v. United States*,[43] any reliance on the verdict for sentencing purposes usurps the jury's function.[44]

Respondent contends that Petitioner's counsel was not ineffective because the verdicts were not inconsistent; any objection would have been overruled because foreseeable inconsistent verdicts are allowable under such cases as *Powell*; and any failure to object reflected sound trial strategy.

C.      Inconsistent Verdict Not a Basis for Overturning Verdict

For the purposes of this Motion, the Court assumes that the verdict was inconsistent.  Petitioner attempts to circumvent the rule announced in *Powell*[45] by arguing that this case involves something different than a challenge to an inconsistent verdict.  He argues that although the jury had the power to render an inconsistent verdict, it was a violation of his right to a trial by jury for the jury to ask the Court for permission to do so,

---

[42]*Id*. at 6.

[43]817 F.2d 635 (10th Cir. 1987).

[44]Pet.'s Mem. at 23-26.

[45]The Court notes that the rule announced in *Powell* is now generally followed in state law. *See State v. Purdie*, 2007 WL 2126889, at *3 (Idaho App. July 26, 2007) (noting only three states now "differ, to varying degrees, with the Supreme Court's inconsistent verdict jurisprudence, while the vast majority follow *Powell's* holding that generally affirms verdicts even if inconsistent).

or for the Court to direct the jury to do so.[46]  In support, he cites *United States v. Dunn*.[47]

The Court finds this attempt to distinguish *Powell* to be unavailing.  To begin with, *Dunn* does not support this argument because it is only the non-precedential dissenting opinion in *Dunn* that opines that a repugnant verdict must be invalid.[48]  *Dunn* actually stands for the propositions that "consistency in the verdict is not necessary" and a "verdict cannot be upset by speculation or inquiry into such matters" as whether the inconsistency is the result of the jury's compromise, mistake, or lenity.[49]

Next, because juries are presumed to follow the Court's instructions,[50] all inconsistent verdicts are arguably "directed" by the Court through its instructions.  Contrary to Petitioner's understanding,[51] the presumption that juries follow their instructions applies regardless of whether his counsel failed to contest the correctness of the Court's response

---

[46]*E.g.*, Pet.'s Mem. at 23 (arguing that if counsel had objected to the form of the Supplemental Instruction or amended the verdict form, any repugnant verdict would not have been the Court's fault).

[47]284 U.S. 390 (1932).

[48]284 U.S. 399, 402 (Butler, J., dissenting) (arguing that the legal effect of findings so in conflict as to be repugnant should be to render the verdict invalid).

[49]*Id*. at 393-94.

[50]*United States  v. Cherry,*  433 F.3d 698, 702 (10th Cir. 2005) ("we presume jurors will remain true to their oath and conscientiously follow the trial court's instructions") (quoting *United States v. Carter*, 973 F.2d 1509, 1513 (10th Cir. 1992)).

[51]*See* Pet.'s Mem. at 6 (arguing that the appellate court's application of the presumption that the jury followed the previous instructions resulted from its finding that counsel failed to contest the Supplemental Instruction).

to the jury's question.[52]  Thus, *Powell* cannot be distinguished by the argument that the Court's Supplemental Instruction directed the verdict.

Similarly, allowing an inconsistent verdict to be challenged on the basis that a jury's question can be construed as "asking permission to return a repugnant verdict" would allow a challenge to an inconsistent verdict in every case with a jury question.

Petitioner also attempts to avoid the rule, stated in his direct appeal, that the jury's note cannot be used to impeach its verdict.  He contends that the note can be used for the limited purposes of "considering the correctness of the court's response to the jury note as a matter of law and contesting defense counsel's ineffectiveness in failing to object thereto."[53]  The Court is not persuaded by this argument for circumventing the rule because Petitioner, in fact, asks the Court to use the note for the impermissible purpose[54] of "examin[ing] the jury's internal deliberations for the purpose of questioning its verdict."[55]

Reduced of verbiage, Petitioner's claim is nothing more than he was prejudiced by his counsel's failure to object to the Supplemental Instruction because the resulting verdict was inconsistent.  But where there was no plain error in the Supplemental Instruction, and

---

[52]*United States v. Cardall*, 885 F.2d 656, 667 (10th Cir. 1989) ("A central assumption of our jurisprudence is that juries follow the instructions they receive.").

[53]Pet.'s Mem. at 11.

[54]*Id.; see also* Mem. at 14 (arguing that jury note should be used to demonstrate such factual assertions as the following: a juror's doubt; the reason the jury resolved such a doubt; and to show one juror was acting on basis of leniency) and 10 (arguing jury note showed at least one juror's confusion with charge and showed at least one juror's doubt).

[55]*Espinoza*, 338 F.3d at 1149.

there is sufficient evidence to support his conviction on the Count upon which the jury found him guilty, under *Powell*, an inconsistent verdict does not provide grounds for federal habeas relief.

In *United States v. Fabiano,*[56] a § 2255 case, the Tenth Circuit held that in view of the rule announced in *Powell*, the petitioner had failed to show his appellate counsel's failure to raise inconsistency of the verdicts on appeal was objectively unreasonable or that, had it been raised, there was a reasonable probability that the petitioner would have prevailed on appeal.[57]

Similarly, in the present case, Petitioner's counsel was not ineffective for failing to raise the inconsistent verdict argument on appeal.[58]

### D. Lesser Included Offense Arguments

Petitioner next argues that by failing to object to the Supplemental Instruction or to require that the Court submit a new verdict form to the jury during deliberations, his counsel was ineffective because Petitioner was thereby denied his right to an lesser included offense instruction.   It is significant that Petitioner does not argue that his counsel was

---

[56]42 Fed. Appx. 408 (10th Cir. 2002).

[57]*Id.* at 414 (10th Cir. 2002) (citing *Powell*, 469 U.S. 57 at 68-69).

[58]*Muldrow v. Herbert*, 299 F.Supp.2d 166, 170 (W.D.N.Y. 2004) (finding in a § 2254 petition that counsel was not ineffective for failing to raise claim of repugnant verdict because "an allegedly inconsistent verdict does not present a constitutional violation. Therefore, such claim is not even cognizable on habeas review"); *accord Hass v. Abrahamson*, 705 F.Supp. 1370 (E.D. Wis. 1989) (finding that even if verdict were inconsistent, under *Powell*, such repugnancy is not grounds to vacate a conviction in a federal habeas petition).

deficient in not requesting a lesser included offense instruction at the time the case initially went to the jury.  Instead, Petitioner argues only that it was ineffective assistance to not do so *after* receipt of the jury's note.[59]

In support of this component of his claim, Petitioner primarily relies upon two cases. First, *United States v. Nelson,*[60] a case finding error in a trial court's supplemental instruction and an inconsistent verdict.  Second, *Keeble v. United States,*[61] a case recognizing a defendant's entitlement to "an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater."[62]

    1.  *Nelson*

Addressing the argument under *Nelson* first, the Court finds that *Nelson* is not applicable to the present case for the same reasons it was distinguished in the case of *United States v. Mitchell.*[63]

Superficially, there are similarities between the present case, *Mitchell*, and *Nelson*. All involve trials on both a count under § 2113(a) and (d) and a count under 18 U.S.C. §

---

[59]*E.g.*, Pet.'s Motion for Judgment on the Pleadings, at 11-12 (arguing that "once the jury as a whole asked its question, and the evidence reasonably provided for it, he was legally entitled to have them consider the lesser offense.").

[60]574 F.2d 277 (5th Cir. 1978). The Court notes that Petitioner did not cite *Nelson* until his Motion to Strike, filed subsequent to Respondent's Answer.

[61]412 U.S. 205, 208 (1973) (citing Fed. R. Crim. P. 31(c)).

[62]*Id.*

[63]146 F.3d 1338 (11th Cir. 1998).

924(c).  Section 2113(a) (robbery) can be a lesser included offense of § 2113(d) (armed

robbery).[64]  In all three cases, the jury convicted on the § 2113 counts and acquitted on the

§ 924(c) counts.

However, these three cases differ in a crucial respect.   In *Nelson*, the jury was

instructed on § 2113(a) as a lesser included offense.  In contrast, in the present case and

in *Mitchell* the jury was not instructed on § 2113(a) as a lesser included offense of §

2113(d).

This difference is dispositive.  In *Nelson*, the appellate court held that the trial court

failed to take the prior lesser included offense instruction into account when it gave a

supplemental instruction answering the jury's question because it (1) failed to distinguish

between two separate degrees of bank robbery offenses; and (2) failed to inform the jury

that use of a weapon was not applicable to the lesser offense of simple bank robbery under

§ 2113(a).  The court further held that this failure required vacation of the conviction of

robbery by use of a weapon under § 2113(d) and re-sentencing for the simple bank

robbery under § 2113(a).[65]  In making this decision, the *Nelson* court partially relied upon

its finding that the section "2113(d) and 924(c)(1) offenses are tied together by their

common element of the gun and inconsistent verdicts on them is a logical impossibility."[66]

---

[64]*Scruggs v. United States*, 450 F.2d 359, 364 (8th Cir. 1971).

[65]*Nelson* is a direct appeal, not a collateral challenge under § 2255.

[66]*Nelson*, 574 F.2d at 282-83 and 280 ("We find that [defendant's] conviction under 18 U.S. C. § 2113(d) is inherently inconsistent with this acquittal under 18 U.S.C. § 924(c)(1).").

In *Mitchell*, the defendant pointed out the similarities of his trial to the situation in *Nelson*, and argued that under *Nelson* he was entitled to upset the verdict on the robbery as a result of the acquittal on the § 924(c) count.  However, the *Mitchell* court found two significant problems with applying *Nelson*.  First the *Mitchell* court found *Nelson* was "distinguishable in the most material way" because *Nelson* had instructed its Count One as including "a charge that did not require a gun (§ 2113(a)) and a charge that did (§ 2113(d))."[67]  Accordingly, *Mitchell* noted that the *Nelson* trial court's answer could have misled the jury and it was not clear if the defendant in *Nelson* was convicted on subsection (a) or (d) of § 2113.  In contrast, the *Mitchell* court held that there was no such danger in its case because the jury was instructed that it "*must* find that a dangerous weapon or device (i.e., a gun, among other things) was involved in order to convict appellant under Count One."[68]

The present case must also be distinguished from *Nelson* on the same ground.  Like *Mitchell*, in the present case the subsections (a) and (d) were not instructed as separate charges.  Instead, as in *Mitchell*, the jury was instructed that it must find that a dangerous weapon was involved.[69]  Accordingly, in this case, as in *Mitchell*, it was not impossible to

---

[67]*Id.* at 1343.

[68]*Id.* at 1344 (emphasis in original).

[69]*See* Case No. 2:00-CR-56 TS, Docket No. 109, Jury Instructions No. 17, element four (Count I); Instruction No. 21, paragraph 1 (Count I); and Instruction No. 22 (aiding and abetting Count I).

determine the offense on which the defendant was convicted—it necessarily must be armed bank robbery.[70]

Mitchell also distinguished Nelson on the basis that "to the extent that the holding in Nelson rests on the proposition that inconsistent verdicts standing alone justify reversal, it does not remain viable" after the Powell case.[71]  Mitchell noted that under Powell, "as long as the guilty verdict is supported by sufficient evidence, it must stand, even in the face of an inconsistent verdict on another count."[72]  Similarly, in the present case, it was determined on direct appeal that the conviction under § 2113(d) was supported by sufficient evidence,[73] and therefore the verdict must stand even in the face of an inconsistent verdict on another count.

In sum, Nelson is not applicable to the present case.

2.      Kebble

As to Petitioner's argument that his counsel's failure to object to the Supplemental Instruction or to request a special verdict containing a lesser included offense, deprived him of his right under Keeble to such an instruction, a lesser included instruction is only required in the following circumstances:

Defendant is entitled to a lesser included offense instruction if (1) there was a proper request; (2) the lesser included offense includes some but not all

---

[70]Id. at 1344 (distinguishing Nelson and another case).

[71]Id. Nelson was decided by the Fifth Circuit in 1978.  Powell was decided by the Supreme Court in 1984.

[72]Id. at 1345 (citing Powell, at 67).

[73]Espinoza, 338 F.3d at 1149 (finding more than sufficient evidence).

of the elements of the offense charged; (3) <u>the elements differentiating the two offenses are in dispute</u>; and (4) a jury could rationally convict the defendant of the lesser offense and acquit him of the greater offense.[74]

The theory of the defense in the present case, as testified by the only defense witness,[75] was that Petitioner knew nothing of the crime, did not know why he was asked to purchase the overalls, and had not been told the source of such circumstantial evidence as the dye-stained money. Thus, in this case as in *United States v. Moore*,

> [t]he "disputed issues of fact" were that [the defendant] either committed the crimes alleged or did nothing at all. There was no rational base in the evidence for a jury to accept part of the evidence and reject part. A rational jury could conclude only that [defendant] was involved to the extent argued by the Government, or that he was not involved at all, as argued by the defense.[76]

As in *Moore*, the evidence at trial in the present case did not warrant a charge on the possible lesser included offense, a fact that Petitioner tacitly acknowledges by the fact he does not take issue with the manner in which the jury was originally instructed. The subsequent jury question did not change the fact that a lesser included offense instruction was not warranted by the record at trial.

To clarify jury instructions during deliberations is permissible and sometimes required.[77] However, Petitioner has cited no case law, and the Court has located none, that would require or permit the Court to instruct the jury separately on a lesser included

---

[74] *United States v. Moore,* 108 F.3d 270, 272 (10th Cir. 1997) (emphasis added).

[75] A witness who had previously pleaded guilty to the robbery. *Espinoza*, 338 F.3d at 1144.

[76] 108 F.3d at 272.

[77] *Espinoza*, 338 F.3d at 1146.

19

offense for the first time halfway through jury deliberations.    In *Nelson*, of course, the

lesser included offense instructions had been given prior to the beginning of deliberations.[78]

Because the evidence submitted at trial did not establish Petitioner was entitled to

a lesser included offense instruction, the Court could not have granted a request for such

an instruction.  Consequently, the Court finds that Petitioner's "counsel was not deficient

in not asking for the instruction, and [Petitioner] was not prejudiced by his counsel's failure

to request such an instruction."[79]   Without such lesser included offense instructions, there

would be no basis upon which to suddenly introduce the concept for the first time via a new

special verdict form in the midst of the jury's deliberations.  Therefore, counsel was not

deficient in not requesting such a new verdict form.

E.  Verdict Not Ambiguous

Petitioner also attempts to raise an issue under *Newman v. United States*,[80] a case

holding that where a general verdict fails to designate the particular object(s) of the

conspiracy upon which the jury based its finding of guilt, the conviction must be reversed.[81]

Petitioner argues that counsel's failure to object to the Supplemental Instruction rendered

it invalid under *Newman* because it rendered the verdict so ambiguous as to allow

---

[78]As noted above, the error in *Nelson* was in not adequately taking those
previously given lesser included offense instructions into account when a clarifying
supplemental instruction was given.

[79]*Chee*, 44 Fed. Appx. at 291 (finding counsel not deficient for failing to request a
voluntary intoxication jury instruction where it would not have been supported by
evidence at trial).

[80]817 F.2d 635 (10th Cir. 1987).

[81]*Id*. at 639.

guesswork during sentencing.  Petitioner contends that he was thereby prejudiced because he was deprived of a valid jury verdict that would have prevented the Court's imposition of a deadly weapon sentencing enhancement.

This argument must fail for two reasons.  First, as the Tenth Circuit has subsequently recognized, the *Newman* case's finding that the jury verdict was tainted where the verdict failed to designate the particular object of the conspiracy "has been foreclosed by the Supreme Court in *Griffin v. United States.*"[82]

Second, this argument is really an argument against the validity of the imposition of the sentencing enhancement based upon facts found by the court rather than the jury. However, making such findings was not prohibited by the law at the time Petitioner was sentenced in 2001.  As noted above, in determining if counsel's performance was constitutionally deficient, the Court does not consider the effect of subsequent case law. Because such a challenge would not have been successful, Petitioner has not shown prejudice as a result of the failure to object to the Supplemental Instruction.

F.  Conclusion

In the course of this § 2255 Motion, the Court has examined the jury instructions, including the Supplemental Instruction, and the trial record and finds no error in those instructions.  For that reason and for the reasons stated above, the Court finds that any objection to the Court's Supplemental Instruction on the grounds proffered by Petitioner would have been overruled.  For the same reasons, any request that the Court amend its

---

[82]*United States v. Bell*, 154 F.3d 1205, 1209 (10th Cir. 1998) (quoting *United States v. Lin*, 31 F.3d 987, 990 (10th Cir. 1994) (citing *Griffin*, 502 U.S. 46 (1991)).

instructions or verdict form during jury deliberations on the grounds proffered by Petitioner would have been denied.  Therefore, counsel was not ineffective for the failure to object to the Supplemental Instruction or to request a new amended special verdict form during the deliberations.

In conclusion, the Court finds Petitioner has shown neither a deficient performance nor prejudice within the meaning of *Strickland*.  Petitioner having failed to meet his burden of proof, his Motion to Vacate, Set Aside, or Correct his sentence must be denied.

VII.   ORDER

Based upon the foregoing, it is therefore

ORDERED that Petitioner's Motion to Strike the Government's Response (Docket No. 8) and Motion for an Evidentiary Hearing (Docket No. 9) are DENIED.   It is further

ORDERED that Petitioner's Motion for Judgment on the Pleadings (Docket No. 12) is DENIED and it is construed as a reply brief.  It is further

ORDERED that Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Docket No. 1) is DENIED.  The clerk of court shall close this case forthwith.

DATED   November 15, 2007.

BY THE COURT:

_____

TED STEWART
United States District Judge

22